UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGIE GOODEN,

        Plaintiff,                  CIVIL ACTION NO. 06-CV-10659-DT

    vs.                              DISTRICT JUDGE ANNA DIGGS TAYLOR

COMERICA BANK, ET AL.,       MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO LIMIT THE PARTIES TO THE ADMINISTRATIVE RECORD AND NOT PERMIT DISCOVERY UNDER THE WILKINS PROCEDURE AND DENYING PLAINTIFF'S MOTION FOR LIMITED DISCOVERY**

Before the Court are Defendants' Motion to Limit the Parties to the Administrative Record and not Permit Discovery under the Wilkins Procedure and Plaintiff's Motion for Limited Discovery, both filed on June 28, 2006. The parties have fully briefed the motions and the Court held entertained oral arguments on the motions at a July 14, 2006 hearing.

Plaintiff's complaint challenges the Defendant Pension Committee's decision to deny her disability benefits in connection with her ERISA plan. Both motions address the same issue: whether the Court should order discovery beyond the administrative record. Defendant would like discovery limited to the administrative record, while Plaintiff wants discovery to be opened. Discovery in ERISA denial of disability benefits cases is typically limited to a review of the administrative record, and is only opened when a plaintiff can show that the decision-making defendant had a conflict of interest or denied the Plaintiff due process in rendering its decision. *See e.g., Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998) (creating the two-tiered evidentiary system in ERISA benefits cases).

In this case, the pension plan administrator allegedly denied Plaintiff's pension disability claim because she was not actively employed at the time she became disabled. Plaintiff contends that she was

familiar with the administration of Defendant's pension plan, and that Defendant routinely granted pension disability benefits to persons who became disabled while they were not actively employed. Indeed, Plaintiff argues that the plan's definition of "disability" makes it logically impossible to become disabled while still employed.

Plaintiff further contends that the Defendant Pension Committee should not have credited the pension plan administrator's statement that the plan only granted disability retirements to persons who became disabled while still actively employed. The Committee, in its report, noted that Plaintiff had not produced any contrary evidence on this point at the hearing. Plaintiff claims the plan administrator was in control of this information, and that it was therefore the duty of the Committee to require extrinsic evidence supporting the plan administrator's statement before relying upon it.

Plaintiff has failed to allege a violation of due process on the part of the Pension Committee. The rules of the administrative hearing did not prevent Plaintiff from cross-examining the plan administrator's statement or acquiring and introducing evidence concerning how other claims were handled. Instead, Plaintiff argues that the Pension Committee had an affirmative duty to demand corroborating evidence from the plan administrator before crediting his statements. The existing Due Process exceptions to the *Wilkins* rule are not nearly this broad. Plaintiff's argument that the Plan Committee's denial of Plaintiff's disability retirement claim is logically untenable may be a substantive argument for finding the Plan Committee's denial arbitrary and capricious, but it does not entitle Plaintiff to discovery. Defendants Motion is **GRANTED**. Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 26, 2006                                s/ Mona K. Majzoub
                                                                    MONA K. MAJZOUB
                                                                    UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a coop of this Order was served upon Counsel of Record on this date.

Dated: July 26, 2006                                s/ Lisa C. Bartlett
                                                                    Courtroom Deputy